

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-15-00176-CV

---

IN THE MATTER OF THE MARRIAGE OF
CHRISTINA LYNN FLETCHER AND ROBERT HUGH FLETCHER

---

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2014-510,128, Honorable Leslie Hatch, Presiding

---

July 13, 2015

## ORDER

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

On July 9, 2015, appellant, Robert Hugh Fletcher, filed with this Court an Emergency Motion to Suspend Enforcement of the Decree of Divorce Pending Appeal. By this motion, Robert "seeks a stay of all enforcement actions transferring any real property in this case until this Court has decided his appeal." According to Rule 24.2(a)(2) of the Texas Rules of Appellate Procedure, when the judgment is for the recovery of an interest in real or personal property, the trial court will determine the type and amount of security. TEX. R. APP. P. 24.2(a)(2). As such, we now abate this appeal

and remand the cause[1] to the trial court for further proceedings as necessary to set the appropriate type and amount of security required under Rule 24.2(a)(2).

Upon remand, the trial court shall enter an order setting the type and amount of security that Robert must post to suspend enforcement of the trial court's divorce decree while the appeal remains pending before this Court. *See id.* The trial court shall cause a supplemental clerk's record to be developed containing its order setting bond, deposit, or security, as well as any other orders issued relating to this matter. The trial court shall then ensure that this supplemental clerk's record be filed with the Clerk of this Court on or before August 12, 2015.

If it is necessary to hold a hearing to determine this issue, the trial court shall immediately cause notice of the hearing to be given and shall conduct the hearing as soon as practicable. If a hearing is held, the trial court shall cause the hearing to be transcribed and cause a reporter's record to be developed containing the transcription of any evidence and arguments presented at the hearing. The trial court shall then file any supplemental reporter's record with the Clerk of this Court on or before August 12, 2015.

It is so ordered.

Per Curiam

---

[1] While we are aware that the trial court has continuing jurisdiction to order the amount and type of security even after its plenary power has expired, *see* TEX. R. APP. P. 24.3(a), we abate and remand this cause in case the trial court needs to take evidence regarding the "value of the property interest's rent or revenue. . . ." TEX. R. APP. P. 24.2(a)(2)(A).